MILWAUKEE–NORTHERN RAILWAY COMPANY, Respondent, vs. MILWAUKEE LIGHT, HEAT & TRACTION COMPANY, Appellant.

MILWAUKEE LIGHT, HEAT & TRACTION COMPANY, Appellant, vs. MILWAUKEE–NORTHERN RAILWAY COMPANY, Respondent.

*April 30—June 20, 1907.*

*Milwaukee L., H. & T. Co. v. Milwaukee-Northern R. Co., ante, p. 313, followed.*

APPEALS from orders of the circuit court for Ozaukee county: JAMES J. DICK, Circuit Judge. *Affirmed.*

These are two proceedings for condemnation of lands in Ozaukee county for railway purposes by rival railway corporations. The lands involved in the two proceedings constitute a strip about four and one-half miles in length immediately east of and adjoining the right of way of the Chicago, Milwaukee & St. Paul Railway Company, extending from the south line of Ozaukee county northward to a point between two and three miles south of Cedarburg. This strip

forms a continuation of the strip in Milwaukee county involved in the immediately preceding action, and most of the essential facts in these cases are the same as in that case and will not be here restated. In that case, however, the *Milwaukee Light, Heat & Traction Company* was the only party seeking to condemn, while the *Milwaukee-Northern Railway Company* claimed priority by survey, location, and purchase. In the first of the present cases the *Milwaukee-Northern Railway Company* filed its petition for condemnation of six parcels of the disputed strip February 21, 1906, and on five of these six parcels the *Milwaukee Light, Heat & Traction Company* had option contracts of purchase secured in April and May, 1905, running one year, and covering in the aggregate four fifths of a mile in length of the disputed strip. The other parcels in the disputed strip, some thirty-one in number, had been conveyed to the *Milwaukee-Northern Railway Company* for electric railway purposes between January 16 and February 21, 1906, in fulfilment of options previously acquired, as will be found more fully stated in the previous case. In the second of the present cases the *Milwaukee Light, Heat & Traction Company* filed its petition March 5, 1906, seeking to condemn all the parcels in the disputed strip, as well those upon which it had options as those which had been deeded to the *Milwaukee-Northern Railway Company*.

The evidence in the two cases is substantially identical, and the two cases were considered and decided together by the trial judge. The fundamental facts as to the organization of the two companies and the acts of each with reference to surveys, the procuring of options and franchises, and other steps up to February 15, 1906, are substantially the same as the facts stated in the preceding case. In addition it was shown in the present cases that on the 21st day of February, 1906, at 11 o'clock a. m., and prior to the filing of its petition herein, a meeting of the board of directors of the *Milwaukee-Northern Railway Company* was held, at which the route theretofore surveyed under Mr. Walker's direction

344    SUPREME COURT OF WISCONSIN.    [June

Milwaukee-Northern R. Co. v. Milwaukee L., H. & T. Co. 132 Wis. 342.

through Ozaukee county, including the disputed strip, was formally adopted as the route of the company's line in that county, and the attorneys of the company were directed to prosecute condemnation proceedings to acquire the six parcels of land which had not been purchased, and which are the same parcels described in its petition for condemnation filed later on the same day.

The court found, in substance, in both cases, that the *Milwaukee Light, Heat & Traction Company* did not prosecute its survey and staking of its route in good faith or with due diligence, and that the final location of its route on January 16, 1906, was not made in good faith for the purpose of building a road, but for the purpose of preventing the *Milwaukee-Northern Railway Company* from building a rival line; that the last-named company in fact surveyed, staked out, and located its route over the disputed strip prior to September 1, 1905, and is financially able to build its railroad on said route and intends in good faith to do so; and that the *Milwaukee-Northern Railway Company* is entitled to condemn the six tracts of which it seeks condemnation, while the *Milwaukee Light, Heat & Traction Company* is not entitled to condemn any of the disputed strip. From orders made in accordance with these findings the *Milwaukee Light, Heat & Traction Company* appeals.

*Clarke M. Rosecrantz,* for the appellant.

For the respondent there was a brief by *Winkler, Flanders, Bottum & Fawsett,* and oral argument by *F. C. Winkler* and *C. F. Fawsett.*

WINSLOW, J. As appears by the statement of facts, these cases are companion cases to the immediately preceding case, and involve that part of the same general right of way which lies in Ozaukee county immediately north of the disputed right of way in Milwaukee county. The controlling facts as to priority of location are substantially the same as in the

previous case, and hence the decision must follow the decision in that case. It was found by the court in the present cases that the *Milwaukee Light, Heat & Traction Company* did not make its survey with due diligence nor in good faith, and that the final location of its route January 16, 1906, was not made in good faith for the purpose of building a road, but for the purpose of preventing the *Milwaukee-Northern Railway Company* from building a rival line. Whether the finding of lack of good faith in the location of its line is justified by the evidence we find it unnecessary to determine. In any event there was sufficient evidence to justify the conclusion that there was no definite intention in good faith to construct a line prior to the resolution of January 16th, and, as the *Milwaukee-Northern Railway Company* had previously made a completed location over the disputed strip, it had acquired priority of right.

*By the Court.*—Order affirmed in each case.

TIMLIN, J., took no part.